[CCA] policy, custom, or usage which was an affirmative link, the moving force that animated the behavior—the acts of commission or omission—of the [official] that resulted in the constitutional violations alleged." *Molton,* 839 F.2d at 246.

Little's brief also raises two other "issues": the district court further erred by (1) dismissing Little's state law supplemental claims without prejudice, and (2) denying his motion to include his discovery responses-in the appellate record. Both objections are without merit. Dismissal is the preferred course of action in this circumstance, and the district court's ruling on the contents of the record was soundly within its discretion.

**AFFIRMED.**

Jennifer J. Stocker, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Lawrence J. Murphy, Varnum, Riddering, Schmidt & Howlett, Kalamazoo, MI, for Defendant–Appellee.

Before KRUPANSKY and GILMAN, Circuit Judges; and MAYS, Distict Judge.*

### ORDER

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

It is **ORDERED** that the judgment of the district court be, and it hereby is, affirmed upon the opinion of the district court.

Patricia Susan LORD Plaintiff—Appellant,

v.

**DAIMLER CHRYSLER CORPORATION Defendant—Appellee.**

No. 03–1989.

United States Court of Appeals, Sixth Circuit.

July 13, 2004.

Robert J. Lord, Fair Haven, MI, for Plaintiff–Appellant.

**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Roosevelt IVORY, Defendant–Appellant.**

No. 03–5447.

United States Court of Appeals, Sixth Circuit.

July 14, 2004.

---

* Honorable Samuel H. Mays, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.